Barbara A. Blackburn, Bar No. 253731
bblackburn@littler.com
Nicholas W. McKinney, Bar No. 322792
nmckinney@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Telephone: 916.830.7200
Facsimile: 916.561.0828

Attorneys for Defendant CENTENE MANAGEMENT COMPANY LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JARED F. SIMMONS, an Individual,

Plaintiff,

v.

CENTENE MANAGEMENT COMPANY LLC, a Wisconsin Limited Liability Company; EDWARD UNUKPO, an Individual; and DOES 1 through 10, Inclusive,

Defendants.

Case No.

[Ventura County Superior Court Case No. 2026CUWT070025]

**DECLARATION OF NICHOLAS W. MCKINNEY IN SUPPORT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441**

**[DIVERSITY JURISDICTION]**

Trial Date: Not Set
Complaint Filed: July 17, 2026

I, NICHOLAS W. MCKINNEY, hereby declare and state:

1. I am an attorney with the law firm of Littler Mendelson, P.C., and am one of the attorneys responsible for representing Defendant CENTENE MANAGEMENT COMPANY LLC ("Defendant") in the above-entitled action. I am over the age of 18. As an attorney of the firm, I am familiar with the office's filing and record-keeping procedures. I have personal knowledge of the matters stated in this declaration by virtue of my representation of Defendant in this action. If asked to testify as a witness, I could and would competently testify to the following facts.

2. On or about July 17, 2026, Plaintiff JARED F. SIMMONS ("Plaintiff") filed a Complaint with jury demand in the Superior Court for the State of California, Ventura County, entitled *Jared F. Simmons v. Centene Management Company LLC., et al.*, Case No. 2026CUWT07002. Attached hereto as **Exhibit A** is a true and correct copy of the Summons and Complaint, which was served on Centene Management Company LLC on July 23, 2026.

3. On or about August 24, 2026, Defendant filed a general denial and affirmative defenses to the Complaint in Ventura County Superior Court. A true and correct copy of Defendant's general denial and affirmative defenses is attached hereto as **Exhibit B**.

4. Pursuant to 28 U.S.C. § 1446(d), **Exhibits A and B** constitute all process, pleadings, and orders filed in the State Court Action. I am not aware of any other proceedings that have been heard in the State Court Action, and no other parties have been named or served with the Summons and Complaint in the State Court Action.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 24th day of August, 2026, in Sacramento, California.



NICHOLAS W. MCKINNEY

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Ventura
07/17/2026
K. Bieker
Executive Officer and Clerk
By: ______ Deputy Clerk
Ashley Pekarek

**NOTICE TO DEFENDANT:** ***(AVISO AL DEMANDADO):***

CENTENE MANAGEMENT COMPANY LLC, a Wisconsin Limited Liability Company; EDWARD UNUKPO, an Individual; and DOES 1 through 10, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

JARED F. SIMMONS, an Individual.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Ventura County Superior Court
800 S Victoria Ave, Ventura, CA 93009

CASE NUMBER:
*(Número del Caso):*
2026CUWT070025

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* Preetpal S. Toor, Laurel Employment Law, 808 Wilshire Blvd., Suite 200, Santa Monica, CA 90401 (323) 551-9221

DATE: *(Fecha)* 07/17/2026 K. Bieker Clerk, by *(Secretario)* ______ Ashley Pekarek , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: CENTENE MANAGEMENT COMPANY LLC, a Wisconsin Limited Liability Company

   under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [X] other *(specify)*: Limited Liability Company
4. [ ] by personal delivery on *(date)*:





Ventura Superior Court transmitted through eFiling 07/17/2026 02:51:48 PM

**LAUREL EMPLOYMENT LAW**
Preetpal S. Toor (State Bar No. 325663)
preetpal@laurelemploymentlaw.com
808 Wilshire Boulevard, Suite 200
Santa Monica, CA 90401
Telephone: (323) 551-9221
Facsimile: (310) 564-4093

Attorneys for Plaintiff,
JARED F. SIMMONS

**ELECTRONICALLY FILED**
Superior Court of California
County of Ventura
07/17/2026
K. Bieker
Executive Officer and Clerk
By: ______________ Deputy Clerk
Ashley Pekarek

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF VENTURA**

JARED F. SIMMONS, an Individual,

Plaintiff,

vs.

CENTENE MANAGEMENT COMPANY LLC, a Wisconsin Limited Liability Company; EDWARD UNUKPO, an Individual; and DOES 1 through 10, Inclusive,

Defendants.

Case No.: 2026CUWT070025

**COMPLAINT FOR:**

1. Disability Discrimination (Gov't Code § 12940(a));
2. Retaliation for Protected Activity (Gov't Code § 12940(h));
3. Harassment and Hostile Work Environment (Gov't Code § 12940(j));
4. Failure to Prevent Discrimination, Harassment, and Retaliation (Gov't Code § 12940(k));
5. Failure to Provide Reasonable Accommodation (Gov't Code § 12940(m));
6. Failure to Engage in the Interactive Process (Gov't Code § 12940(n));
7. Retaliation for Exercising CFRA Rights (Gov't Code § 12945.2);
8. Wrongful Termination in Violation of Public Policy;
9. Whistleblower Retaliation (Lab. Code § 1102.5);
10. Retaliation for Exercising Labor Code Rights (Lab. Code § 98.6);
11. Negligent Hiring, Supervision, and Retention;
12. Failure to Timely Pay Wages When Due (Lab. Code § 204);
13. Failure to Timely Pay Final Wages at Separation (Lab. Code §§ 201–203);
14. Unfair Business Practices (Bus. & Prof. Code §§ 17200, *et seq.*).

Ventura Superior Court transmitted through eFiling 07/17/2026 02:51:48 PM

**Demand for Jury Trial**
[UNLIMITED JURISDICTION]

**COMES NOW** Plaintiff JARED F. SIMMONS ("Plaintiff") and hereby brings this Complaint against Defendant CENTENE MANAGEMENT COMPANY LLC, EDWARD UNUKPO, and DOES 1 through 10 ("Defendants"), inclusive, and alleges as follows:

**THE PARTIES**

1. Plaintiff is, and at all relevant times herein has been, an individual residing in Ventura County, California.

2. Plaintiff is informed and believes, and based thereupon alleges that at all times relevant herein, Defendant CENTENE MANAGEMENT COMPANY LLC was a Wisconsin Limited Liability Company, doing business in Ventura County, California.

3. Plaintiff is informed and believes, and based thereupon alleges that at all times relevant herein, Defendant EDWARD UNUKPO was an individual and the Manager of Defendant CENTENE MANAGEMENT COMPANY LLC.

4. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

5. The true names and capacities, whether a corporation, agent, individual, or otherwise, of DOES 1 through 10, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Each Defendant designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings referred to herein and thereby proximately caused injuries and damages to Plaintiff as alleged herein. Plaintiff will seek leave of the Court to amend this Complaint to show their true names and capacities when the same have been ascertained.

6. At all times mentioned here, DOES 1 through 10 were the agents, representatives, employees, successors, and/or assigns of Defendants and at all times pertinent hereto were acting

within the course and scope of their authority as such agents, representatives, employees, successors, and/or assigns.

7. Plaintiff is informed and believes that at all relevant times herein mentioned, Defendant and/or DOES 1 through 10 are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. As such and based upon all the facts and circumstances incident to Defendant's business in California, Defendants are subject to the Fair Employment and Housing Act ("FEHA"), the Labor Code, and the Government Code.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction to hear this case because Plaintiff is informed and believes that the monetary damages sought in this Complaint for Defendants' conduct exceed the minimal jurisdictional limits of the Superior Court of the State of California.

9. Pursuant to the Code of Civil Procedure ("CCP") section 395(a), venue is proper in the above-entitled Court because the majority of all facts giving rise to the causes of action stated herein arose in Ventura County, California. Venue in Ventura County, California, is further proper under Government Code section 12965(b) because the unlawful practices were committed in Ventura County, California. Plaintiff worked in Ventura County, California, and Plaintiff is informed and believes that records relevant to this action are maintained in Ventura County, California.

10. Plaintiff is informed and believes that Defendants, and each of them, committed other wrongful acts or omissions of which Plaintiff is presently unaware. Plaintiff shall conduct discovery to identify said wrongful acts and will seek leave of the Court to amend this Complaint to add said acts upon discovery.

## FACTS COMMON TO ALL CAUSES OF ACTION

11. In or around 2015, while Plaintiff worked with Defendants' personnel as a contractor, a project lead physically touched Plaintiff inappropriately in the presence of multiple team members. Plaintiff later continued working with that project lead after the incident.

12. Defendants did not acknowledge or remediate the inappropriate touching after it occurred.

13. On March 1, 2017, Plaintiff began working for Defendants as a Site Reliability Engineer. Defendants hired Plaintiff as a salaried, exempt employee, and Plaintiff initially worked from Defendants' headquarters located at 7700 Forsyth Boulevard, St. Louis 63105.

14. Before the adverse employment actions alleged herein, Plaintiff worked for Defendants for more than nine years and consistently received positive performance reviews.

15. Plaintiff later relocated to his residence and continued working remotely for Defendants. Defendants assigned Plaintiff to their Woodland Hills office, which later may have closed.

16. Defendants employed approximately 60,000 employees according to Plaintiff's intake information. Defendants also maintained locations in Woodland Hills, Rancho Cordova, and Sacramento, including 4151 Commerce Way, Sacramento 95834.

17. During the first several years of Plaintiff's employment, Defendants' supervisors and coworkers subjected Plaintiff to repeated sex-based comments about his body. This conduct forms part of Plaintiff's harassment and hostile work environment allegations under Government Code section 12940(j).

18. During that same period, supervisors and coworkers, including a project lead and another coworker, referred to Plaintiff by a sexualized nickname in workplace communications on Microsoft Teams. The Microsoft Teams group included participants from multiple teams and individuals at or near the director level.

19. During Plaintiff's employment, Defendants reclassified Plaintiff's position more than once. One reclassification changed Plaintiff from salaried to hourly and changed his job title.

20. Plaintiff later moved to his final team, where Defendants again hired him into the role as a salaried, exempt employee. Afterward, Defendants reclassified him as a Cloud Engineer II and converted him to hourly, non-exempt status.

21. After the second reclassification, Plaintiff's final hourly rate was $60.11. Defendants' payment practices for hourly, non-exempt work are regulated by Labor Code section

204, Labor Code sections 201 through 203, Labor Code section 226, and Labor Code section 1198.5.

22. Defendants provided written notice of the second reclassification through Workday. Plaintiff later stated that the classification change occurred before he took protected leave.

23. In or around 2021 or 2022, Plaintiff was diagnosed with depression through a medical provider and began prescription medication treatment. Plaintiff's mental disability and Defendants' response to it are regulated by Government Code section 12940(a), Government Code section 12940(m), and Government Code section 12940(n).

24. In late 2023, Plaintiff notified Defendants that he needed bonding leave following the birth of his child. Plaintiff's request for and use of bonding leave constituted protected activity under Government Code section 12945.2.

25. On December 23, 2023, Plaintiff began bonding leave earlier than originally scheduled because his wife experienced a serious medical emergency connected to the birth of their child. Plaintiff notified Defendants as directed, submitted required documentation, and took leave through approximately March 1, 2024.

26. After Plaintiff returned from bonding leave, Defendant Unukpo, a manager, issued Plaintiff a negative performance review. Plaintiff stated that his first review from Defendant Unukpo was negative despite Plaintiff submitting contrary evidence.

27. Before Defendant Unukpo became Plaintiff's direct manager, Defendant Unukpo criticized Plaintiff in meetings for missing early morning calls during the period when Plaintiff had childcare responsibilities after his child's birth. This conduct is relevant to Plaintiff's retaliation allegations under Government Code section 12945.2.

28. In or around July or August 2024, or in or around 2025, Plaintiff disclosed his disability to Human Resources, though the exact first disclosure date was not confirmed in the record. When Plaintiff first disclosed his disability, Defendants directed him to contact a third-party leave administrator rather than asking follow-up questions about accommodations.

29. After Plaintiff disclosed his disability, Plaintiff requested reassignment to a different manager and transfer to a separate training team whose work aligned with his daily duties. Those requests were requests for accommodation regulated by Government Code section 12940(m) and Government Code section 12940(n).

30. Plaintiff made the accommodation requests to Human Resources, to his management chain, and to the manager of the target team. Defendants denied the requests.

31. Defendants did not include Plaintiff in an interactive process concerning his disability-related requests. Plaintiff stated that Defendants told him after accommodation-related discussions that the company had made no change, but they did not include him in those discussions.

32. In or around May or June 2025, Defendant Unukpo yelled at Plaintiff during a meeting attended by a Human Resources representative. Plaintiff had requested Human Resources attendance at meetings with Defendant Unukpo because Defendant Unukpo had been hostile toward him.

33. On July 1, 2025, Defendant Unukpo accessed Plaintiff's performance goals in Workday after business hours and duplicated them with more difficult metrics. Plaintiff preserved screenshots showing both versions of the goals with timestamps.

34. The Workday changes showed a timestamp of July 1, 2025, at 7:36 PM Pacific time. Defendant Unukpo made the Workday changes remotely from Florida.

35. In or around October 2025, Plaintiff discovered the Workday goal changes and made a formal complaint through Defendants' internal ethics and compliance reporting system. Plaintiff's internal report constituted protected activity regulated by Labor Code section 1102.5 and Labor Code section 98.6.

36. On December 5, 2025, Plaintiff specifically disclosed his disability to Defendant Unukpo. After that disclosure, Plaintiff's accommodation requests remained denied, the Performance Improvement Plan process continued, and Defendants later terminated Plaintiff's employment.

37. After Plaintiff submitted the internal ethics complaint, Defendants placed Plaintiff on a Performance Improvement Plan in early 2026. The tasks assigned in the Performance Improvement Plan fell outside Plaintiff's normal job duties.

38. Plaintiff responded to the Performance Improvement Plan in writing and retained a copy of both the Performance Improvement Plan and his written response. This written response is relevant to Plaintiff's protected activity and retaliation allegations under Government Code section 12940(h), Labor Code section 1102.5, and Labor Code section 98.6.

39. On April 23, 2026, Defendants terminated Plaintiff's employment. Defendants stated that the termination was based on Plaintiff's alleged failure to meet the expectations set forth in the Performance Improvement Plan.

40. Defendant Unukpo was directly involved in Plaintiff's termination decision. Defendant Unukpo had also issued Plaintiff's negative performance reviews, altered Plaintiff's Workday goals, and initiated the Performance Improvement Plan.

41. After Defendants terminated Plaintiff, they placed termination documents on an internal platform. Plaintiff could not promptly review the documents because of a delay in access, and the documents later expired and were no longer accessible to him.

42. Plaintiff did not sign a severance agreement. After the termination, Plaintiff became unemployed.

43. Upon termination, Defendants were required to pay all earned wages due at separation, including any accrued but unused paid time off, under Labor Code sections 201 through 203. Defendants' final wage obligations also implicate Labor Code section 204 and Labor Code section 226.

44. Defendants were required to provide accurate itemized wage statements to Plaintiff as a non-exempt employee under Labor Code section 226. Plaintiff's intake information states that Plaintiff received pay stubs with hours worked, pay rate, and total pay.

45. Defendants were required to maintain payroll and employment records concerning Plaintiff's wages, time records, personnel file, performance records, discipline, and separation

under Labor Code section 1198.5. Those records include documents concerning Plaintiff's evaluations, wage changes, attendance, compensation, and discharge.

46. On May 23, 2026, Plaintiff signed an authorization requesting production of his personnel file and wage records. The authorization requested Plaintiff's personnel file within 30 calendar days and his time cards, wage records, payroll records, and wage statements within 21 calendar days.

47. On June 1, 2026, Plaintiff's counsel requested Plaintiff's personnel and payroll records from Defendants. The request sought personnel records, payroll records, wage statements, and time records pursuant to Labor Code section 226, Labor Code section 432, Labor Code section 1174, and Labor Code section 1198.5.

48. Defendants' alleged discrimination, harassment, retaliation, failure to accommodate, failure to engage in the interactive process, termination, wage practices, and record practices caused Plaintiff lost wages, emotional distress, statutory penalties, and other employment-related harm. Defendants' alleged conduct is also subject to Business and Professions Code sections 17200, *et seq*.

49. Plaintiff filed timely charges with the Civil Rights Department and received notices of the right to sue in a California Superior Court pursuant to Government Code section 12965(b), thereby permitting Plaintiff to bring this legal action. Plaintiff has therefore exhausted all administrative remedies required under the Government Code. Attached hereto and incorporated herein as **Exhibit 1** is Plaintiff's Right to Sue Letter.

**<u>FIRST CAUSE OF ACTION</u>**

**Disability Discrimination**

**(Gov't Code § 12940(a))**

**(Against All Defendants and DOES 1-10)**

50. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

51. At all times herein mentioned, Government Code section 12940(a) was in full force and effect and was binding on Defendants. This statute prohibits employers from discriminating against employees on the basis of disability.

52. Throughout the relevant time period, Plaintiff was diagnosed with a mental disability and disclosed that disability to Defendants, including a specific disclosure to a manager on December 5, 2025. Plaintiff requested accommodations in the form of reassignment to a different manager and transfer to a separate team whose work aligned with his daily duties, and made those requests to human resources personnel, to his management chain, and to the manager of the target team. Defendants directed Plaintiff to a third-party administrator rather than engaging with his accommodation needs and denied those requests without providing any alternative accommodation. After Plaintiff's disability disclosure, Defendants issued Plaintiff a negative performance review, placed him on a Performance Improvement Plan with tasks outside his normal job duties, and terminated his employment on April 23, 2026.

53. By virtue of Plaintiff's disability, Plaintiff is a member of a protected class under FEHA.

54. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial damages, in an amount to be proven at trial.

55. Defendants' actions were willful and deliberate, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages pursuant to Civil Code section 3294.

**<u>SECOND CAUSE OF ACTION</u>**

**Retaliation for Protected Activity**

**(Gov't Code § 12940(h))**

**(Against All Defendants and DOES 1-10)**

56. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

57. At all times herein mentioned, Government Code section 12940(h) was in full force and effect and was binding on Defendants. This statute prohibits employers from retaliating against employees for engaging in protected activities.

58. Throughout the relevant time period, Plaintiff engaged in protected activity by disclosing his disability to Defendants, requesting accommodations for his disability, and submitting a written response to a Performance Improvement Plan. Following those protected activities, Defendants denied Plaintiff's accommodation requests, maintained and escalated the Performance Improvement Plan process with tasks outside his normal job duties, and terminated Plaintiff's employment on April 23, 2026, demonstrating a connection between Plaintiff's protected conduct and the adverse employment actions he experienced.

59. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial damages, in an amount to be proven at trial.

60. Defendants' actions were willful and deliberate, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages pursuant to Civil Code section 3294.

**THIRD CAUSE OF ACTION**

**Harassment and Hostile Work Environment**

**(Gov't Code § 12940(j))**

**(Against All Defendants and DOES 1-10)**

61. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

62. At all times herein mentioned, Government Code section 12940(j) was in full force and effect and was binding on Defendants. This statute prohibits harassment and the creation of a hostile work environment on the basis of protected characteristics.

63. Throughout the relevant time period, Defendants' supervisors and coworkers directed repeated sex-based comments about Plaintiff's body at Plaintiff in the workplace, and supervisors and coworkers referred to Plaintiff by a sexualized nickname in workplace communications using a platform that included participants from multiple teams and individuals

at or near a director level. This conduct was unwelcome, was based on Plaintiff's sex, and was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create a hostile work environment.

64. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial damages, in an amount to be proven at trial.

65. Defendants' actions were willful and deliberate, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages pursuant to Civil Code section 3294.

**FOURTH CAUSE OF ACTION**

**Failure to Prevent Discrimination, Harassment, and Retaliation**

**(Gov't Code § 12940(k))**

**(Against All Defendants and DOES 1-10)**

66. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

67. At all times herein mentioned, Government Code section 12940(k) was in full force and effect and was binding on Defendants. This statute requires employers to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation.

68. Throughout the relevant time period, Defendants failed to take reasonable steps to prevent the discrimination, harassment, and retaliation alleged herein against Plaintiff. Defendants were aware of, or should have been aware of, the repeated sex-based comments and the use of a sexualized nickname in workplace communications, as well as the hostile and retaliatory conduct directed at Plaintiff by supervisory and management personnel following Plaintiff's protected activities. Despite that awareness, Defendants failed to investigate, remediate, or otherwise prevent the unlawful conduct from continuing.

69. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial damages, in an amount to be proven at trial.

70. Defendants' actions were willful and deliberate, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages pursuant to Civil Code section 3294.

**FIFTH CAUSE OF ACTION**

**Failure to Provide Reasonable Accommodation**

**(Gov't Code § 12940(m))**

**(Against All Defendants and DOES 1-10)**

71. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

72. At all times herein mentioned, Government Code section 12940(m) was in full force and effect and was binding on Defendants. This statute requires employers to provide reasonable accommodations for employees with known physical or mental disabilities.

73. Throughout the relevant time period, after Plaintiff disclosed his mental disability to Defendants and requested accommodations including reassignment to a different manager and transfer to a separate team whose work aligned with his daily duties, Defendants denied those requests without engaging in a meaningful effort to identify or offer any alternative reasonable accommodation that would have enabled Plaintiff to perform his essential job functions.

74. Plaintiff requested that Defendants make a reasonable accommodation to be able to perform the essential job requirements.

75. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial damages, in an amount to be proven at trial.

76. Defendants' actions were willful and deliberate, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages pursuant to Civil Code section 3294.

## SIXTH CAUSE OF ACTION

**Failure to Engage in the Interactive Process**

**(Gov't Code § 12940(n))**

**(Against All Defendants and DOES 1-10)**

77. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

78. At all times herein mentioned, Government Code section 12940(n) was in full force and effect and was binding on Defendants. This statute requires employers to engage in a timely, good-faith interactive process with employees to determine appropriate and reasonable accommodations.

79. Throughout the relevant time period, after Plaintiff disclosed his mental disability and requested accommodations, Defendants failed to engage Plaintiff in a timely, good-faith interactive process. Rather than engaging Plaintiff in dialogue about his accommodation needs, Defendants directed Plaintiff to a third-party administrator and, following accommodation-related discussions, informed Plaintiff that no change had been made without including him in those discussions.

80. Plaintiff was willing to participate in an interactive process to determine whether a reasonable accommodation could be made to be able to perform the essential job requirements.

81. Defendants' failure to engage in any interactive process was willful and deliberate, as evidenced by their complete disregard of Plaintiff's accommodation requests.

82. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial damages, in an amount to be proven at trial.

83. Defendants' actions were willful and deliberate, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages pursuant to Civil Code section 3294.

## SEVENTH CAUSE OF ACTION

**Retaliation for Exercising CFRA Rights**

**(Gov't Code § 12945.2)**

**(Against All Defendants and DOES 1-10)**

84. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

85. At all times herein mentioned, Government Code section 12945.2 was in full force and effect and was binding on Defendants. This statute prohibits employers from retaliating against employees for exercising their rights to medical leave.

86. Throughout the relevant time period, Plaintiff exercised his right to protected bonding leave following the birth of his child, beginning that leave on December 23, 2023, and returning from leave on or about March 1, 2024. After Plaintiff returned from protected leave, Defendants issued Plaintiff a negative performance review despite Plaintiff submitting contrary evidence. Additionally, prior to assuming direct managerial authority over Plaintiff, a manager had criticized Plaintiff in meetings for missing early morning calls during the period when Plaintiff had childcare responsibilities following his child's birth, demonstrating a retaliatory motive connected to Plaintiff's exercise of protected leave rights.

87. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial damages, in an amount to be proven at trial.

88. Defendants' actions were willful and deliberate, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages pursuant to Civil Code section 3294.

## EIGHTH CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

**(Against All Defendants and DOES 1-10)**

89. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

90. Defendants' termination of Plaintiff's employment constituted a violation of fundamental public policy, as articulated in the Constitution and statutory laws of the State of California, which safeguard the rights of employees.

91. Throughout the relevant time period, Plaintiff was employed by Defendants for more than nine years, consistently received positive performance reviews before the adverse employment actions began, and engaged in protected activities including taking protected bonding leave, disclosing a mental disability and requesting accommodations, and reporting suspected unlawful conduct through Defendants' internal ethics and compliance reporting system. On April 23, 2026, Defendants terminated Plaintiff's employment, stating that the basis was Plaintiff's alleged failure to meet the expectations of a Performance Improvement Plan that had been initiated after Plaintiff engaged in protected activities. The circumstances support that Defendants' decision to terminate Plaintiff's employment violated fundamental public policies protecting employees in California.

92. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial damages, in an amount to be proven at trial.

93. Defendants' actions were willful and deliberate, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages pursuant to Civil Code section 3294.

## NINTH CAUSE OF ACTION

**Whistleblower Retaliation**

**(Lab. Code § 1102.5)**

**(Against All Defendants and DOES 1-10)**

94. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

95. At all times herein mentioned, Labor Code section 1102.5 was in full force and effect and was binding on Defendants. This statute prohibits employers from retaliating against employees who disclose violations of state or federal laws, rules, or regulations, or who refuse to participate in activities that violate them.

96. Throughout the relevant time period, in or around October 2025, Plaintiff discovered that a manager had remotely accessed Plaintiff's performance goals in an internal company platform after business hours on July 1, 2025, and altered them with more difficult metrics, and Plaintiff reported that conduct through Defendants' internal ethics and compliance reporting system, disclosing information he reasonably believed constituted a violation of law. Plaintiff preserved documentation showing both versions of the goals with timestamps reflecting the changes. After Plaintiff made that internal report, Defendants placed Plaintiff on a Performance Improvement Plan with tasks outside his normal job duties and terminated Plaintiff's employment on April 23, 2026.

97. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial damages, in an amount to be proven at trial.

98. Defendants' actions were willful and deliberate, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages pursuant to Civil Code section 3294.

**<u>TENTH CAUSE OF ACTION</u>**

**Retaliation for Exercising Labor Code Rights**

**(Lab. Code § 98.6)**

**(Against All Defendants and DOES 1-10)**

99. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

100. At all times relevant herein, Labor Code section 98.6 was in full force and effect and was binding on Defendants. This statute prohibits employers from discriminating against, retaliating against, or taking any adverse action against employees for exercising their rights under the Labor Code.

101. Throughout the relevant time period, Plaintiff exercised rights protected under the Labor Code by reporting suspected unlawful employment practices through Defendants' internal ethics and compliance reporting system and by submitting a written response to a Performance Improvement Plan. Following those protected activities, Defendants continued to deny Plaintiff's

accommodation requests, maintained the Performance Improvement Plan with tasks outside his normal job duties, and terminated Plaintiff's employment on April 23, 2026.

102. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial damages, in an amount to be proven at trial.

**ELEVENTH CAUSE OF ACTION**

**Negligent Hiring, Supervision, and Retention**

**(Against All Defendants and DOES 1-10)**

103. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

104. Defendants had a duty to exercise reasonable care in hiring, supervising, and retaining their employees, including managers and supervisors who had authority over the Plaintiff.

105. Defendants breached this duty by negligently hiring, supervising, and retaining employees who engaged in unlawful conduct against Plaintiff. Defendants knew or should have known that their employees were likely to be unfit and engage in unlawful conduct.

106. As a direct and proximate result of the Defendants' negligent hiring, supervision, and retention, the Plaintiff has suffered and continues to suffer substantial damages, the amount of which will be proven at trial.

107. Defendants' actions were willful and deliberate, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages pursuant to Civil Code section 3294.

**TWELFTH CAUSE OF ACTION**

**Failure to Timely Pay Wages When Due**

**(Lab. Code § 204)**

**(Against All Defendants and DOES 1-10)**

108. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

109. At all times herein mentioned, Labor Code section 204 was in full force and effect and was binding on Defendants. This statute requires employers to pay wages earned in accordance with a regular pay schedule.

110. Throughout the relevant time period, Defendants willfully and deliberately failed to pay Plaintiff the wages owed on the designated paydays by withholding earned compensation beyond the regular payroll schedule and ignoring repeated requests for timely payment.

111. Defendants intentionally maintained payroll practices that resulted in persistent late payments, directly causing Plaintiff to experience ongoing financial loss.

112. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial damages, in an amount to be proven at trial.

**THIRTEENTH CAUSE OF ACTION**

**Failure to Timely Pay Final Wages at Separation**

**(Lab. Code §§ 201–203)**

**(Against All Defendants and DOES 1-10)**

113. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

114. At all times herein mentioned, Labor Code sections 201 through 203 were in full force and effect and were binding on Defendants. These statutes require employers to pay all wages due immediately upon separation of employment. Labor Code section 203 provides penalties for employers who violate these sections.

115. Throughout the relevant time period, Defendants willfully and deliberately failed to pay all wages due immediately upon separation by withholding earned compensation after the end of employment and ignoring repeated requests for final payment.

116. Defendants intentionally delayed and denied payment of final wages, directly causing Plaintiff to experience financial loss and hardship following separation.

117. As a direct and proximate result of Defendants' failure to pay wages due upon separation, Plaintiff is entitled to waiting time penalties pursuant to Labor Code section 203, in the amount of thirty days' wages at Plaintiff's regular rate of pay.

**FOURTEENTH CAUSE OF ACTION**

**Failure to Provide Accurate Itemized Wage Statements**

**(Lab. Code § 226)**

**(Against All Defendants and DOES 1-10)**

118. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

119. At all times herein mentioned, Labor Code section 226 was in full force and effect and was binding on Defendants. This statute requires employers to provide accurate, itemized wage statements that contain specified information.

120. Throughout the relevant time period, Defendants failed to provide Plaintiff with accurate, itemized wage statements that accurately reflected all hours worked, applicable hourly rates, gross wages earned, net wages earned, all deductions, and other required information.

121. Defendants' failure to provide accurate wage statements was knowing and intentional.

122. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages and is entitled to recover penalties under Labor Code section 226.3.

**FIFTEENTH CAUSE OF ACTION**

**Failure to Maintain Required Payroll and Employment Records**

**(Lab. Code § 1198.5)**

**(Against All Defendants and DOES 1-10)**

123. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

124. At all times herein mentioned, Labor Code section 1198.5 was in full force and effect and was binding on Defendants. These statutes require employers to maintain accurate payroll and employment records.

125. Throughout the relevant time period, Defendants failed to maintain accurate records of hours worked, meal and rest periods, and other required employment information.

126. Defendants' failure to maintain the required records was willful and deliberate, as evidenced by their systematic manipulation of time records and payroll documentation.

127. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial damages, in an amount to be proven at trial.

**SIXTEENTH CAUSE OF ACTION**

**Failure to Provide Employment Records Upon Request**

**(Lab. Code §§ 226, 1198.5)**

**(Against All Defendants and DOES 1-10)**

128. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

129. At all times herein mentioned, Labor Code sections 226 and 1198.5 were in full force and effect and were binding on Defendants. These statutes require employers to provide employees with copies of employment records upon request.

130. Defendants failed to provide Plaintiff with complete and accurate employment records upon request, including accurate time records and wage statements. These records were requested by Plaintiff's Attorneys on June 2, 2026.

131. Defendants' failure to provide employment records was willful and deliberate.

132. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages and is entitled to statutory penalties according to proof at trial.

**SEVENTEENTH CAUSE OF ACTION**

**Unfair Business Practices**

**(Bus. & Prof. Code §§ 17200, *et seq.*)**

**(Against All Defendants and DOES 1-10)**

133. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

134. Business and Professions Code sections 17200, *et seq.* prohibit unfair competition, including any unlawful, unfair, or fraudulent business practices.

135. Throughout the relevant time period, Defendants willfully engaged in unfair and unlawful practices by imposing policies that resulted in the loss of earned compensation and benefits.

136. Defendants intentionally maintained business practices that systematically caused Plaintiff to lose money and property. These ongoing actions resulted in direct financial harm to Plaintiff.

137. These actions constitute unfair business practices in violation of Business and Professions Code sections 17200, *et seq*.

138. Pursuant to Business and Professions Code section 17203, Plaintiff seeks restitution of all benefits Defendants have received from their unfair and unlawful business practices.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. For general and special damages, including past and future lost earnings, employment benefits, and damages for emotional distress, humiliation, and mental anguish;

b. For equitable relief, including reinstatement, rehiring, and front pay in lieu of reinstatement;

c. For unpaid wages and other earned compensation pursuant to Labor Code sections 201 through 204;

d. For statutory penalties pursuant to Labor Code sections 203, 226, 226.3, 1198.5, and any others that may be applicable;

e. For civil penalties pursuant to Labor Code sections 1102.5 and 98.6;

f. For restitution of all benefits Defendants acquired through unfair business practices pursuant to Business and Professions Code section 17203;

g. For reasonable attorneys' fees pursuant to Government Code section 12965(b) and Labor Code sections 1102.5, 98.6, 226, and 1198.5;

h. For prejudgment interest pursuant to Civil Code section 3287 and Labor Code section 218.6;

i. For punitive damages pursuant to Civil Code section 3294;

j. For costs of suit incurred herein; and

k. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all causes of action and claims to which Plaintiff has a right to a jury trial.

Dated: July 17, 2026

**LAUREL EMPLOYMENT LAW**

Preetpal S. Toor, Esq.
Attorneys for Plaintiff,
JARED F. SIMMONS

# EXHIBIT 1

STATE OF CALIFORNIA | California Housing and Homelessness Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

July 17, 2026

Preetpal S Toor
,

RE: **Notice to Complainant's Attorney**
CRD Matter Number: 202607-36247917
Right to Sue: SIMMONS / CENTENE MANAGEMENT COMPANY LLC et al.

Dear Preetpal S Toor:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | California Housing and Homelessness Agency GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

July 17, 2026

RE: **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202607-36247917
Right to Sue: SIMMONS / CENTENE MANAGEMENT COMPANY LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | California Housing and Homelessness Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

July 17, 2026

JARED F SIMMONS

,

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202607-36247917
Right to Sue: SIMMONS / CENTENE MANAGEMENT COMPANY LLC et al.

Dear JARED F SIMMONS:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective July 17, 2026 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | California Housing and Homelessness Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
JARED F SIMMONS — CRD No. 202607-36247917

Complainant,

vs.

CENTENE MANAGEMENT COMPANY LLC

,

EDWARD UNUKPO

,

Respondents

---

**1.** Respondent **CENTENE MANAGEMENT COMPANY LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **EDWARD UNUKPO** individual as Co-Respondent(s).

**3**. Complainant **JARED F SIMMONS**, resides in the City of **,** State of **.**

**4**. Complainant alleges that on or about **April 23, 2026**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's other, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant was discriminated against** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated, other, denied accommodation for a disability.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used family care and medical leave (cfra) related to serious health condition of

employee or family member, child bonding, or military exigencies and as a result was terminated, other, denied accommodation for a disability.

**Additional Complaint Details:** Jared Simmons began working for Centene on March 1, 2017, and worked for the company for more than nine years with a history of positive performance reviews before the adverse actions began. During his employment, Centene and its supervisors subjected him to sex-based workplace misconduct, including repeated comments about his body, use of a sexualized nickname in workplace communications, and failure to remediate earlier inappropriate touching, supporting FEHA harassment, hostile work environment, and failure-to-prevent violations. After Jared exercised protected CFRA bonding leave beginning December 23, 2023 and returning around March 1, 2024, management criticized him in connection with childcare-related scheduling issues and then moved into a pattern of adverse treatment, supporting retaliation under FEHA and CFRA. In 2021 or 2022, Jared was diagnosed with depression, and in 2024 or 2025 he disclosed his disability to HR; instead of engaging him in a timely, good-faith interactive process, Centene redirected him to a third-party administrator, failed to ask meaningful follow-up questions, excluded him from accommodation discussions, and denied his requests for reassignment to a different manager and transfer to a team aligned with his actual duties. Those facts establish strong FEHA violations for disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation for protected activity, and failure to prevent discrimination, harassment, and retaliation. The retaliation escalated in 2025 when Edward Unukpo yelled at Jared during a meeting attended by HR, accessed and changed Jared's Workday performance goals after business hours on July 1, 2025, and Jared later reported that conduct through Centene's internal ethics and compliance process around October 2025. After Jared's protected disability disclosures, accommodation requests, ethics complaint, and written response to the PIP, Centene continued the adverse process, placed him on a PIP with tasks outside his normal job duties in early 2026, and ended his employment on April 23, 2026. Centene's conduct also supports Labor Code violations and retaliation claims, including whistleblower retaliation and retaliation for exercising Labor Code rights based on Jared's internal complaint and written PIP response, as well as wage-and-record violations for failure to timely pay wages, failure to timely pay final wages, inaccurate wage statements, failure to maintain required records, and failure to provide employment records upon request

VERIFICATION

I, **Preetpal S Toor**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On July 17, 2026, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**LOS ANGELES, CA**

# EXHIBIT B

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Barbara A. Blackburn, Bar No. 253731
bblackburn@littler.com
Nicholas W. McKinney, Bar No. 322792
nmckinney@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Telephone: 916.830.7200
Facsimile: 916.561.0828

Attorneys for Defendant CENTENE MANAGEMENT COMPANY LLC

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF VENTURA

| | |
|---|---|
| JARED F. SIMMONS, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>CENTENE MANAGEMENT COMPANY LLC, a Wisconsin Limited Liability Company; EDWARD UNUKPO, an Individual; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 2026CUWT070025<br><br>**DEFENDANT CENTENE MANAGEMENT COMPANY, LLC'S ANSWER TO PLAINTIFF JARED F. SIMMONS'S COMPLAINT**<br><br>Trial Date: Not Set<br>Complaint Filed: July 17, 2026 |

Defendant CENTENE MANAGEMENT COMPANY, LLC ("Defendant") hereby answers JARED F. SIMMONS's ("Plaintiff") complaint for damages ("Complaint") as follows:

**GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendant generally denies each and every allegation contained in Plaintiff's Complaint, and further denies that Plaintiff is entitled to penalties, attorneys' fees, costs of suit, general damages, special damages, compensatory damages, interest, injunctive relief, or any other relief of any kind whatsoever.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendant asserts the following affirmative and other defenses, which it has designated, collectively, as "affirmative defenses." Defendant's designation of its defenses as "affirmative" is not intended to alter Plaintiff's burden of proof with regard to any element of his causes of action. Moreover, Defendant does not presently know all the factors concerning Plaintiff's conduct sufficient to state all affirmative defenses at this time.

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1. The Complaint and each and every alleged cause of action therein fail to state facts sufficient to constitute a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Waiver)**

2. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the Complaint and each cause of action set forth therein are barred by the equitable doctrine of waiver.

**THIRD AFFIRMATIVE DEFENSE**

**(Estoppel)**

3. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of estoppel.

///

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

4. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

5. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Consent)**

6. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the doctrine of consent.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Res Judicata and/or Collateral Estoppel)**

7. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the doctrine of res judicata and/or collateral estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitation)**

8. Each purported cause of action set forth in the Complaint is barred, in whole or in part, by the applicable statute(s) of limitation, including, without limitation, those set forth in California Government Code sections 12960 and 12965(b) and (d); Labor Code sections 1102.5, 1197.5, 98, and 200.5; California Code of Civil Procedure sections 335.1, 338, 340 and 343; California Code of Civil Procedure sections 337, 338(a) and(d), 339, 340 and 343, and/or California Business & Professions Code section 17208.

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

9. The Complaint, and each cause of action set forth therein are barred, in whole or in part, because Plaintiff failed to exhaust his administrative remedies with the California Civil Rights Department, formerly known as California Department of Fair Employment and Housing ("CRD"), and/or the Equal Employment Opportunity Commission.

**TENTH AFFIRMATIVE DEFENSE**

**(Claims Exceed Scope of Administrative Charge(s))**

10. Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred, in whole or in part, to the extent that Plaintiff did attempt to exhaust his administrative remedies with the CRD and/or the Equal Employment Opportunity Commission, and the causes of action asserted in the Complaint are not like or reasonably related to the allegations of Plaintiff's charge(s) filed with the CRD, and/or the Equal Employment Opportunity Commission.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

11. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable consequences because Defendant took all reasonable steps to comply with the law, but Plaintiff unreasonably failed to follow Defendant's policies and practices and failed to use the preventative and corrective opportunities provided to him, and the reasonable adherence to or use of such procedures would have prevented at least some, if not all, of the harm Plaintiff allegedly suffered.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Managerial Privilege)**

12. Without admitting any of the acts, conduct, or statements attributed to Defendant in the Complaint, Defendant alleges that it took no inappropriate action toward Plaintiff and any actions taken toward Plaintiff by Defendant is protected by the managerial privilege in that Defendant's actions with respect to Plaintiff's employment, which Plaintiff claims to be wrongful, were undertaken and exercised

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

with proper managerial discretion in good faith, and for proper, lawful reasons based upon all relevant facts and circumstances known by Defendant at the time they acted, therefore barring Plaintiff from recovery in this action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Legitimate Business Reasons for Employment Decisions)**

13. The Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, because the employment decisions about which Plaintiff complains were based upon legitimate, non-discriminatory and non-retaliatory business reasons.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Defendant Acted in Good Faith and with Good Cause)**

14. Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because good cause existed for each and every action taken by Defendant with respect to Plaintiff's employment and Defendant acted reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by Defendant at the time it acted.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Mixed-Motive)**

15. Defendant alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that even if Plaintiff could establish that any of the allegations set forth in the Complaint were motivated by a potentially illegitimate motive, that Defendant would have made the same decision and/or taken the same action even if it had not taken the alleged illegitimate motive into account.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

16. Defendant alleges that, to the extent Defendant acquires any evidence of wrongdoing by Plaintiff during the course of this litigation that would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff being demoted, disciplined, and/or terminated, such after-acquired evidence shall bar Plaintiff's claims for damages and shall reduce such claims as provided by law.

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Breach of Duties)**

17. Defendant alleges that the Complaint and each cause of action therein, or some of them, are barred, in whole or in part, by Plaintiff's own breach of duties owed to Defendant under California Labor Code sections 2853, 2854, 2856, 2857, 2858 and/or 2859.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Internal Remedies)**

18. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, or the liability reduced, to the extent Plaintiff failed to exhaust appropriate internal remedies.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(At-Will Employment)**

19. Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained against Defendant because Plaintiff had been an at-will employee at all times during his employment with Defendant, with no entitlement to continued employment pursuant to section 2922 of the California Labor Code.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Outside Course and Scope of Employment)**

20. Defendant alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that the Complaint and each cause of action set forth therein are barred, in whole or in part, because if Plaintiff suffered any injury (which Defendant denies), such injury was caused by the practices or instrumentalities of parties and/or unauthorized individuals who were not within the scope and exclusive control of Defendant, nor acting within the course and scope of their employment with Defendant.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Failure to Avoid Harm)**

21. Defendant alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in Plaintiff's Complaint, the Complaint and each cause of action set forth therein, or

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

some of them, are barred, in whole or in part, because: (a) Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory and/or retaliatory behavior, including, but not limited to, having in place appropriate policies and procedures which were communicated to Plaintiff; (b) Plaintiff has unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm; and (c) Plaintiff's reasonable use of his employer's policies and procedures would have prevented at least some of the purported harm of which Plaintiff now complains.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Offset)**

22. Defendant alleges that any recovery to which Plaintiff might otherwise be entitled must be offset by any unemployment benefits and/or other monies and/or benefits Plaintiff has received or will receive.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

23. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiff failed to exercise reasonable care to mitigate his damages, if any were suffered, and that his rights to recover against Defendant should be reduced and/or eliminated by such a failure.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Damages Caused by Outside Factors)**

24. If Plaintiff has suffered any damages as alleged in his Complaint, such damages were proximately caused by factors other than Plaintiff's employment, the actions of Defendant and/or anyone acting on Defendant's behalf. If Plaintiff suffered any damages, such damages were proximately or legally caused by the misconduct of Plaintiff and/or parties other than Defendant and, accordingly, any award of damages must be reduced in whole or in part, or apportioned in proportion to the percentage of comparative fault of Plaintiff, other parties and/or unauthorized individuals, including both economic and non-economic damages. In the event of such apportionment, Defendant is entitled to a separate judgment for non-economic damages in direct proportion to its percentage of fault, if any is found, notwithstanding Defendant's continuing denial of any fault, pursuant to California Civil Code section 1431.2, with such

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

percentage determined by the comparative fault of all parties, non-parties and/or unauthorized individuals to this action, known or unknown. To assess any greater percentage of fault and damages than its own against Defendant would constitute a denial of equal protection of the law and due process which is guaranteed by the United States and California Constitutions.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Bona Fide Occupational Qualifications)**

25. Defendant is informed and believes, and on that basis alleges, that the Complaint and each and every alleged cause of action, in whole or in part, are barred because Defendant's conduct toward Plaintiff was fully justified based upon its judgment of differences in individual performance, qualifications, skill, effort, responsibility, merit or other bona fide occupational qualifications.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Private Right of Action)**

26. Defendant alleges Plaintiff's claim for Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA is barred, in whole or in part, because it does not exist as a private right of action.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Reasonable Care)**

27. Defendant alleges that the Complaint and each and every alleged cause of action therein are barred, in whole or in part, on the grounds that if any discriminatory, harassing or retaliatory behavior occurred (which Defendant denies), Defendant exercised reasonable care to prevent and promptly and appropriately redress all such behavior.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(No Knowledge)**

28. Defendant alleges that the Complaint and each and every alleged cause of action therein are barred, in whole or in part, because Defendant did not have knowledge of any propensity by the alleged actor(s) to engage in the particular form of alleged wrongdoing Plaintiff alleged in the Complaint.

///

///

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

29. Defendant alleges that Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions, in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendant to rights to be given to a defendant in criminal proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (3) the imposition of such damages would violate Defendant's rights to due process and/or equal protection under the law, under the United States and California Constitutions; and/or (4) the California punitive damages statute is unconstitutional in that it imposes an undue burden on interstate commerce.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Punitive Damages Not Justified)**

30. Defendant alleges that without admitting to any of the acts, conduct or statements attributed to it by Plaintiff's Complaint, Plaintiff's claims for punitive damages are barred because the acts, conduct, or statements contained in Plaintiff's Complaint were not taken with the advance knowledge, conscious disregard, authorization, ratification, or act of oppression, fraud, or malice on the part of an officer, director or managing agent of Defendant.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Unauthorized Conduct)**

31. Defendant alleges that the Complaint and each and every alleged cause of action therein are barred, in whole or in part, because even assuming, arguendo, any agent of Defendant engaged in any unlawful conduct toward Plaintiff (which Defendant denies), said conduct occurred outside the course and scope of any employment or agency relationship with Defendant, in violation of their policies, and/or without the knowledge, authorization, consent, or ratification of Defendant.

///

///

///

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(No Entitlement to Prejudgment Interest)**

32. The Complaint fails to state a claim upon which prejudgment interest may be granted because the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Damages Too Speculative)**

33. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges that the Complaint and each cause of action set forth therein, or some of them, are barred because the damages Plaintiff alleges in the Complaint, if any, are too speculative to be recoverable at law.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Claims are in Bad Faith)**

34. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are unreasonable, were filed in bad faith, and/or are frivolous and, for such reasons, justify an award of attorneys' fees and costs against Plaintiff and his attorneys pursuant to California law including, but not limited to California Code of Civil Procedure section 128.5 and/or Government Code section 12965(b).

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

35. The Complaint and each cause of action set forth therein is barred, in whole or in part, to the extent Plaintiff released the claims and damages sought and/or acknowledged an accord and satisfaction of any claim asserted in the Complaint.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Business Necessity)**

36. Defendant alleges without admitting that Defendant engaged in any of the acts or omissions alleged in the Complaint, that any such acts or omissions were undertaken for business necessity and/or for lawful business reasons.

///

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Unreasonableness of Accommodation)**

37. Defendant alleges that to the extent Plaintiff requested accommodation relating to a disability, which Defendant specifically denies, such accommodations would have been unreasonable under the circumstances.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Undue Burden)**

38. Defendant alleges that to the extent Plaintiff requested accommodations relating to a disability, which Defendant specifically denies, such accommodations would cause undue hardship.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Waiting Time Penalties)**

39. As a separate and distinct defense, Plaintiff's claims pursuant to or related to California Labor Code section 203 are barred, in whole or in part, because: (a) Defendant has not willfully failed to pay such additional compensation, if any is owed; (b) a good faith dispute exists as to whether wages are owed; (c) the compensation/premiums sought do not constitute wages; and (d) to impose penalties in this case would be inequitable and unjust.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Worker's Compensation)**

40. Defendant alleges that, to the extent Plaintiff seeks recovery for his alleged emotional and/or physical damages, such claims and damages are preempted by his exclusive remedy pursuant to the California Workers' Compensation Act, California Labor Code section 3600 et seq.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Labor Code §§ 201- 203 – Good Faith)**

41. Defendant alleges that to the extent that Plaintiff was not paid all wages at the time of separation (which Defendant denies), there is a good faith dispute as to any amount Plaintiff claims were owed at the time of separation.

///

///

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Bus. & Prof. Code § 17200, et seq. – No Violation)**

42. Defendant alleges that the relevant business practices were not "unfair," "unlawful," or "deceptive" within the meaning of California Business and Professions Code section 17200, et seq., and that Plaintiff suffered no injury.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Substantial Compliance)**

43. Defendant alleges that even assuming, arguendo, Defendant failed to comply with any provision of the California Labor Code (which Defendant denies), including but not limited to Labor Code sections 201-203, 226, 226.7, and/or any applicable Wage Order, Defendant substantially complied with California law. An award of civil penalties under these circumstances is inappropriate. For the same reason, should the Court find a violation of the Labor Code occurred, the Court must exercise its discretion and significantly discount or eliminate any potential penalties owed by Defendant due to its good faith efforts to comply with the Labor Code and/or substantial compliance with the Labor Code.

**FORTY-FORTH AFFIRMATIVE DEFENSE**

**(Labor Code § 226(a) - No Injury)**

44. Defendant alleges that Plaintiff sustained no injury, as defined in Labor Code section 226(e)(2), from any alleged failure to provide wage statements in conformity with Labor Code section 226(a) or from any other alleged violation of the California Labor Code.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(Waiting Time Penalties – Secreted or Absented)**

45. Defendant alleges that any claims for waiting time penalties pursuant to Labor Code sections 201-203 are barred, in whole or in part, to the extent that Plaintiff secreted or absented himself or otherwise created circumstances to avoid the timely payment of wages, thereby relieving Defendant of liability for waiting time penalties under the California Labor Code, including but not limited to California Labor Codes sections 201, 202, and 203.

///

///

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

## FORTY-SIXTH AFFIRMATIVE DEFENSE

**(De Minimis Doctrine)**

46. Defendant alleges, without conceding that Defendant violated any law, that some or all of the wages purportedly owed to Plaintiff are for time that is not compensable pursuant to the de minimis doctrine. See Troester v. Starbucks Corp., 5 Cal. 5th 829, 834 (2018) ("We leave open whether there are wage claims involving employee activities that are so irregular or brief in duration that employers may not be reasonably required to compensate employees for the time spent on them.").

## RESERVATION OF ADDITIONAL DEFENSES

Defendant does not presently know all of the facts concerning the conduct of Plaintiff and Plaintiff's claims sufficient to state all affirmative defenses at this time. Accordingly, Defendant expressly reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff takes nothing by way of his Complaint in relation to Defendant;
2. That judgment be entered in Defendant's favor and against Plaintiff on all causes of action;
3. That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiff and in favor of Defendant on each claim;
4. That Defendant be awarded costs of suit and attorneys' fees incurred herein as allowed by law; and
5. That Defendant be awarded for such further relief as the Court deems just and proper.

Dated: August 24, 2026

Dated: August 24, 2026

LITTLER MENDELSON, P.C.

BARBARA A. BLACKBURN
NICHOLAS W. MCKINNEY
Attorneys for Defendant CENTENE MANAGEMENT COMPANY, LLC

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

**PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**

I am employed in Sacramento County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On this 24th day of August, 2026, I served a copy of the within document(s):

**DEFENDANT CENTENE MANAGEMENT COMPANY, LLC'S ANSWER TO PLAINTIFF JARED F. SIMMONS'S COMPLAINT**

Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is smasada@littler.com:

| | |
|---|---|
| Preetpal S. Toor<br>LAUREL EMPLOYMENT LAW<br>808 Wilshire Boulevard, Suite 200<br>Santa Monica, CA 90401<br>Telephone: 323.551.9221<br>Facsimile: 310.564.4093<br>Email: preetpal@laurelemploymentlaw.com | Attorneys for Plaintiff<br>JARED F. SIMMONS |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 24th day of August, 2026, at Sacramento, California.

Smasada

Sophia Masada